IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Jesús Cabrera Jaramillo, in his individual capacity, and in his capacity as the personal representative of the estate of Alma Rosa Jaramillo,**<br><br>**Sara González Calderón, in her individual capacity, and**<br><br>**Alonso Estrada Gutierrez, in his individual capacity, and in his capacity as the personal representative of the estate of Eduardo Estrada,**<br><br>　　　　**Plaintiffs,**<br><br>**v.**<br><br>**CARLOS MARIO JIMÉNEZ NARANJO,** also known as "Macaco," "El Agricultor," "Lorenzo González Quinchía," and "Javier Montañez,"<br><br>　　　　**Defendant.** | CASE NO: 1:10-cv-21951-CIV-TORRES |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO DEPOSE DEFENDANT
CARLOS MARIO JIMÉNEZ NARANJO**

TO THE UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:

NOW COME Plaintiffs Sara González Calderón and Alonso Estrada Gutierrez (collectively "Plaintiffs"), by their undersigned attorneys, make this motion pursuant to Fed. R. Civ. P. 30(a)(2)(B) and Southern District of Florida Local Rule 7.1 for leave to depose Defendant Carlos Mario Jiménez Naranjo ("Defendant"), who is incarcerated at the Federal Detention Center in Miami, Florida. Defendant, through his counsel, does not oppose Plaintiffs' motion.

-1-

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 30(a)(2)(B), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the deponent is confined in prison." Defendant is currently serving a 33-year sentence at the Federal Detention Center in Miami, Florida for drug trafficking. Plaintiffs file this motion seeking leave to depose him pursuant to Fed. R. Civ. P. 30(a)(2)(B) and Southern District of Florida Local Rule 7.1. The Parties are currently engaged in discovery. The discovery sought by Plaintiffs – the deposition of the Defendant in this action – is relevant and consistent with the provisions of FED. R. CIV. P. 26(b)(2).

## BACKGROUND

As detailed in the operative Second Amended Complaint (D.E. 109), from at least 1998 until 2005, Defendant was a high-ranking member of the United Self-Defense Forces of Colombia ("AUC") and the General Commander of the Bloque Central Bolívar ("BCB"), a paramilitary sub-unit of the AUC. Following the events alleged in the Second Amended Complaint, namely the 2001 murder of Eduardo Estrada by BCB paramilitaries, Defendant was extradited to the United States in 2008 to face criminal charges for his role in the AUC's drug trafficking activities. In 2011, Defendant pled guilty to conspiracy to import cocaine from Colombia to the United States and was sentenced to 33 years in prison. *USA v. Naranjo*, Case No. 1:07-CR-20794-JAL. On information and belief, Defendant is currently incarcerated at the Federal Detention Center, located at 33 NE 4th Street, in Miami, Florida. Defendant's Bureau of Prisons Register Number is 29346-016 and his release date is May 17, 2035.

## ARGUMENT

Pursuant to FED. R. CIV. P. 30(a)(2)(B), "[a] party must obtain leave of court, and the

court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the deponent is confined in prison." Under FED. R. CIV. P. 26(b)(1), a party is entitled to seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." A court must permit the deposition of the incarcerated individual unless the objecting party can show that it would be inconsistent with FED. R. CIV. P. 26(b)(2) because: (1) the deposition is unreasonably cumulative or duplicative, or is obtainable from some other more convenient source; (2) the party seeking the discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit.

Plaintiffs allege that Defendant, who was at all relevant times the General Commander of the BCB, is liable by virtue of his role in the 2001 extrajudicial killing of Eduardo Estrada by BCB paramilitaries. Plaintiffs seek to depose Defendant as to his knowledge about the facts alleged in the Second Amended Complaint, including the BCB's role in the murder of Eduardo Estrada, the Defendant's own activities within the BCB, including as regards the BCB's pattern and practice of targeting civilians, and the role of state actors in that pattern and practice. The discovery Plaintiffs are seeking – the deposition of the Defendant – is revelant and falls within the scope of permissible discovery under FED. R. CIV. P. 26(b)(1). *See United States v. Christopoulos*, No. 8:00-CV-1302-T-17TBM, 2001 WL 34106905, at *1 (M.D. Fl. June 11, 2001) (granting motion to take deposition of incarcerated defendant because "the Government has demonstrated that [his] deposition is relevant").

Defendant's deposition is also consistent with FED. R. CIV. P. 26(b)(2). As a preliminary matter, Defendant does not oppose the present motion. *Harris v. Johns*, No. 3:06-cv-433-J-32MCR, 2007 WL 2433900, at *1 (M.D. Fl. Aug. 22, 2007) (granting motion to depose

incarcerated defendant because defendant did not object to his deposition on the factors in FED. R. CIV. P. 26(b)(2)).

Nor are there any compelling reasons to deny Plaintiffs the ability to depose Defendant. **First**, Defendant's testimony and knowledge cannot be obtained from any other more convenient source. *Cf.* FED. R. CIV. P. 26(b)(2)(C)(i). Defendant is uniquely positioned to address the allegations against him. Plaintiffs should be provided the opportunity to question Defendant as to the specific facts in the Second Amended Complaint, as well as follow up on the prior, more general statements he provided to the Colombian Justice and Peace process, from which he was ultimately expelled, regarding the crimes committed by the BCB.

**Second**, Plaintiffs have had no other opportunity to obtain Defendant's deposition testimony in this action. *Cf.* FED. R. CIV. P. 26(b)(2)(C)(ii). Defendant has been incarcerated since his extradition to the United States in 2008 and throughout the pendency of this action.

**Third**, the likely benefits of the deposition far outweigh any burden or expense. Plaintiffs, by their undersigned attorneys, will coordinate the deposition with Defendant's counsel. To ensure the burden on the prison authority is also minimized and to prevent unnecessary disruption of the administration of the penal institution in which Defendant is incarcerated, Plaintiffs will arrange to take the deposition at a date and time convenient to the correctional facility. *Cf.* FED. R. CIV. P. 26(b)(2)(C)(iii); *see Truitt v. Byrd*, No. 3:07-cv-204-J-32MCR, 2007 WL 2915598, at *2 (M.D. Fl. Oct. 4, 2007) (granting motion for deposition of incarcerated defendant and witnesses, instructing plaintiffs to coordinate with institution at which deponent was confined to agree on an appropriate locaton, date and time). Moreover, allowing for such deposition would be in the interest of efficient resolution of this action, as it would

allow for Defendant to give testimony prior to trial, which may lay the groundwork for summary judgment motions that may resolve this lawsuit for either side.

In sum, allowing Plaintiffs to depose Defendant is consistent with FED. R. CIV. P. 26(b)(2). *Harris*, 2007 WL 2433900, at *1 ("[T]he Court should permit the deposition of the incarcerated individuals unless the objecting party can show the depositions fit into one of the three categories [in FED. R. CIV. P. 26(b)(2)]."); *Truitt*, 2007 WL 2915598, at *1 (same).

## CONCLUSION

Accordingly, for the reasons stated above, this Court should grant Plaintiffs leave to depose Defendant.

Dated:  September 13, 2018

/s/ Robert Kerrigan
Robert Kerrigan
Florida State Bar #134044
Kerrigan, Estess, Rankin, McLeod & Thompson, LLP
400 East Government Street
Pensacola, Florida 32502
Telephone: (850) 444-4444
Facsimile: (850) 444-4495
Email: rgk@kerrigan.com

Leo P. Cunningham, CA State Bar #121605
(admitted *pro hac vice*)
Luke A. Liss, CA State Bar #247520
(admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: lcunningham@wsgr.com
lliss@wsgr.com

Daniel McLaughlin, New York State Bar
(admitted *pro hac vice*)
Carmen Cheung, New York State Bar
(admitted *pro hac vice*)

CENTER FOR JUSTICE AND
ACCOUNTABILITY
One Hallidie Plaza, Suite 406
San Francisco, CA 94102
Telephone: (415) 544-0444
Facsimile: (415) 544-0456
Email: dmclaughlin@cja.org

*Attorneys for Plaintiffs*

-6-

-7-

## CERTIFICATE OF GOOD FAITH CONFERENCING

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the Plaintiffs has conferred with counsel for Defendant, the party who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Defendant, through his counsel, does not oppose Plaintiffs' motion for leave to depose him.

                                                       /s/ Robert Kerrigan
                                                      ROBERT KERRIGAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Plaintiffs' Unopposed Motion to Depose Defendant Carlos Mario Jiménez Naranjo** was served through the Court's CM/ECF System on counsel or parties of record on the service list:

>Maria A. Dominguez
>Javier Micheo-Marcial
>McConnell Valdés LLC
>270 Muñoz Rivera Avenue, 9th Floor
>Hato Rey, Puerto Rico 00918
>Email: madt@mcvpr.com
>jfmm@mcvpr.com
>
>Juan Carlos Ramos-Rosado
>McConnell Valdés LLC
>1 SE 3rd Avenue, Suite 1640
>Miami, FL  33131
>Email:  jcrr@mcvpr.com
>
>*Attorneys for Carlos Mario Jimenez Naranjo*
>
> /s/  Robert Kerrigan
>     ROBERT KERRIGAN